COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


MILLARD J. TAYLOR, S/K/A
 MILLARD JEROME TAYLOR

                                   MEMORANDUM OPINION* BY
v.   Record No. 1728-00-1          JUDGE NELSON T. OVERTON
                                        JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dean W. Sword, Jr., Judge

          (Patricia A. Cannon; Cannon, Collins & Plott,
          PLC, on brief), for appellant.  Appellant
          submitting on brief.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General; Amy L.
          Marshall, Assistant Attorney General, on
          brief), for appellee.


     Appellant was convicted of distributing cocaine and

conspiring to distribute cocaine.  The sole issue on appeal is

whether the evidence was sufficient to prove a pre-offense

agreement between the parties to distribute the cocaine.  We hold

that the evidence was sufficient to prove a pre-offense agreement,

and affirm.

                            BACKGROUND

     Detectives Dufreitas, Grover and McAndrew were traveling in

an unmarked police vehicle and saw appellant and Tyrone Freeman

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

standing together.  Freeman came into the road and flagged down the car.  Freeman got into the car and asked what the men wanted. Dufreitas said that he wanted a "twenty piece."  Freeman said that he would take them to get the "twenty piece" and they drove to an area known for drug trafficking, but no one was there.  As directed by Freeman, Dufreitas drove around the block, returning to their original location.  Freeman said to pull up by appellant.

Freeman was still in the vehicle, when appellant walked over and asked Freeman, "What do they want?"  Freeman replied, "A twenty piece."  Appellant asked Freeman, "Are you sure that they're not the police?"  Freeman said, "No man," and exited the vehicle.  Appellant pulled two baggies from his coat and gave them to Freeman.  Appellant told Freeman to give the baggies to the men because appellant thought they were the police.  Freeman gave the baggies to Dufreitas, and the detectives announced that they were the police.  Appellant and Freeman fled, but were quickly apprehended.  Freeman told Dufreitas that the stuff was a "rip off."  Laboratory analysis confirmed that the baggies contained cocaine.

Appellant testified that he was not involved in the drug transaction and that he was "hanging out" with Freeman when he saw Freeman get into the vehicle.  Appellant also testified that when Freeman asked for drugs, appellant replied that he did not have any drugs and did not sell drugs.  Appellant denied that he ran from the detectives.

-

ANALYSIS

"Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (citation omitted). "Proof of an explicit agreement to distribute a controlled substance is not required; the agreement may be proved by circumstantial evidence. In fact, the nature of conspiracy is such that 'it often may be established only by indirect and circumstantial evidence.'" Brown v. Commonwealth, 10 Va. App. 73, 77, 390 S.E.2d 386, 388 (1990) (citations omitted). "While '[e]vidence which merely establishes aiding or abetting in the commission of the distribution offense will not suffice to prove a conspiracy . . . [t]he evidence need not show that . . . [the defendant] knew the entire scope or details of the plan of distribution.'" Moore v. Commonwealth, 25 Va. App. 277, 288, 487 S.E.2d 864, 870 (1997) (citation omitted). The crime is "committed when the agreement to commit the offense is complete . . . ." Johnson v. Commonwealth, 8 Va. App. 34, 38, 377 S.E.2d 636, 638 (1998).

The evidence proved that appellant and Freeman had an agreement, wherein Freeman flagged down the vehicle, made inquiries, and determined the kind and quantity of drug desired. Freeman got into Dufreitas's vehicle and told him to drive down the street to a known drug area, but no one was around. Freeman then directed Dufreitas back to their original location and told

-

Dufreitas to pull up by appellant.  Without prompting from Freeman, appellant walked over to the vehicle and asked Freeman, "What do they want?"  Freeman told appellant the type and quantity of drug.  Unless there was a prearranged agreement to sell drugs, there was no reason for appellant to approach Dufreitas's vehicle and to spontaneously ask Freeman what Dufreitas wanted.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant and Freeman had a pre-offense agreement to distribute cocaine and engaged in a conspiracy to distribute cocaine.

<u>Affirmed.</u>